## The Ohio and Mississippi Railway Company

*v.*

## William S. Combs.

*Filed at Mt. Vernon June 18, 1892.*

1. Practice in the Supreme Court—*exception to overruling a motion for new trial where no propositions of law are submitted—what question of law is presented.* Upon appeal from the finding and judgment of the circuit court in an action on the case, when no written propositions are submitted to the court, and the only exception taken is to the over-

ruling of a motion for a new trial, the only question of law presented to this court will be whether the evidence tends to sustain the judgment.

2. In passing upon this question, this court can not weigh evidence and determine questions of preponderance. If there is competent evidence, which, by itself, unaffected by contradictory evidence, or some contradictory evidence by the same witness, would have authorized the judgment as rendered, it will be sufficient. But whether one statement is disproved by another, or whether the testimony of one witness is more or less intelligent and satisfactory than that of another witness, is purely a controversy of fact, into which this court is precluded, by the Practice act, from entering.

3. If it be conceded that in no view that can be reasonably taken of the evidence the amount of the damages warrants the amount assessed by the court, still, if there be evidence of some damages, this gives this court no jurisdiction to intervene, for the reason that depends, not upon the tendency, but upon the effect of the evidence when it shall be considered. For this reason this court has uniformly refused to review the question whether the damages are excessive in cases like this.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. POLLARD & WERNER, for the appellant.

Messrs. TURNER & HOLDER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is from a judgment of the Appellate Court for the Fourth District, affirming a judgment of the circuit court of St. Clair county in an action on the case, by appellee, against appellant, for injuring the land and crops of appellee, by constructing and maintaining an embankment, in the place of a former trestle, across a natural water-course, so as to cause the water flowing therein to run upon the land of appellee. Appellant pleaded not guilty. By agreement of parties the cause was tried by the court without the intervention of a jury. No written propositions of law were submitted to

the court, during the trial, to be passed upon. Exceptions were taken to the rulings of the court in rendering judgment and in overruling the motion for a new trial.

It is not contended that it is within our jurisdiction to pass upon the questions of fact, and the only question of law raised is, whether the evidence tends to sustain the judgment. In passing upon this question we can not weigh evidence and determine questions of preponderance. If there is competent evidence, which, by itself, unaffected by contradictory evidence by other witnesses, or even contradictory evidence by the same witness, would have authorized the judgment as rendered, it is sufficient. But whether one statement is disproved by another statement, or whether the testimony of one witness is more or less intelligent and satisfactory than that of another witness, is purely a controversy of fact, into which we are precluded, by the Practice act, from entering.

The abstract shows that D. C. Collins testified on the trial: "I have been one of the highway commissioners of Collinsville township. Know Little Canteen creek. It came down from the bluffs, ran past Caseyville about a mile, where it forked, one branch running north, and emptying into Cahokia creek, the other south through the trestle in the Ohio and Mississippi track, and emptying into Spring lake. While this trestle remained open there was no trouble. When they filled this trestle the water was forced in its natural channel north, to such an extent that the commissioners had to raise their grade. The grade was made from the washing of the bluffs, which was very light soil, intermixed with sand, and not sufficient to hold this body of water which was forced north, and jerked away our grade and overflowed the land of Mr. Combs, and this land being below the grade of our road the water remained upon it, having no outlet, until it was absorbed by the sun or the earth."

The abstract also further shows that Henry Thompson testified upon the trial: "I live in Collinsville, Madison county.

Know Little Canteen creek forty years. The closing of the trestle stops the flow of water south, and causes it to run down across the bottoms and forces it up the slough on to Combs' land. It backs the water up on the Combs land which should run the other way. That's my idea of it. I never knew Combs' land to overflow before the building of the Ohio and Mississippi railroad, except when the Mississippi river was backing out. The Mississippi backed out in 1844, 1852 and 1858. Mr. Combs' land has been overflowed several times since the trestle was closed."

Other evidence clearly shows that the trestle was closed by appellant, and there was also other evidence tending to show that appellee was, to some extent, damaged by means of the water thrown upon his land, as thus described by Collins and Thompson. How much damage was thus caused, was, beyond question, to be determined by the court, acting in the place of the jury, like any other question of fact, and therefore, even if it be conceded that no view that can be reasonably taken of the evidence warrants the amount assessed by the court, still, there being evidence of some damage, this gives us no jurisdiction to intervene, for that manifestly depends, not upon the tendency but upon the effect of the evidence when it shall all be considered, and we have, accordingly, uniformily refused to review the question whether the damages are excessive in cases like the present. *Furnace Co.* v. *Magill,* 108 Ill. 656; *Railroad Co.* v. *Becker,* 84 id. 483; *Joliet* v. *Weston,* 123 id. 641; *Salem* v. *Harvey,* 129 id. 344.

The judgment is affirmed.

*Judgment affirmed.*